**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSE DUPREE,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA and CDCR,<br><br>Respondents. | Case No. 1:15-cv-00566-SKO  HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND<br><br>(Doc. 1) |

**SCREENING ORDER**

On April 13, 2015, Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

**I.     Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable

///

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II. Naming an Appropriate Respondent

Petitioner names the People of the State of California and CDCR (California Department of Corrections and Rehabilitation) as Respondents. Petitioner is incarcerated at California State Prison, Corcoran ("CSP-Corcoran"). The warden of CSP-Corcoran is Dave Davey.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Typically, a petitioner incarcerated in state prison names the warden of that prison as respondent. The chief officer in charge of California state penal institutions would also be an appropriate respondent. *Ortiz*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360. Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. *Stanley*, 21 F.3d at 360; *Olson v. California Adult Authority*, 423 F.2d 1326, 1326 (9th Cir.), *cert. denied*, 398 U.S. 914 (1970).

## III. Mischaracterized Claim

Petitioner sets forth ground one as "Removal of D.A. for Misconduct," an action that is not cognizable as a ground for habeas relief. The supporting facts reveal, however, that Petitioner is not moving for removal of the deputy district attorney who prosecuted his case, but is alleging prosecutorial misconduct arising from the prosecutor's failure to disclose relevant favorable evidence. When amending his petition, as this order permits him to do, Petitioner should revise the designation of ground one to reflect his claim of prosecutorial misconduct or failure to disclose favorable evidence.

///

///

2

### IV. Conclusion and Order

Accordingly, the Court hereby ORDERS:

1. The petition for writ of habeas corpus shall be dismissed with leave to amend for lack of jurisdiction.

2. The Clerk's Office shall send Petitioner a copy of this order and a form for Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

3. Within thirty (30) days of service of this order, Plaintiff shall file an amended petition naming a proper respondent and re-characterizing his claim in ground one. Plaintiff shall also sign the amended petition under penalty of perjury.

4. If Plaintiff fails to file an amended petition within thirty (30) days from the date of service of this order, this action will be dismissed without further notice for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **August 21, 2015**                              **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE

3