UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSE DUPREE,<br><br>        Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA and CDCR,<br><br>        Respondents. | No. 1:15-cv-00566-SKO HC<br><br>**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**<br><br>**(Doc. 7)** |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On August 24, 2015, the Court screened the petition in compliance with Rule 4 of the Rules Governing Section 2254 Cases, and dismissed the petition with leave to amend. On September 10, 2015, Petitioner filed objections to the Court's screening and declined to amend the petition.

    The screening order permitted Petitioner to amend the petition to (1) name as respondent the person having custody of Petitioner as required by Rule 2(a) of the Rules Governing 2254 Cases, and (2) to revise his first ground for relief which sought removal of the Fresno County District Attorney, relief that is not available in a habeas corpus action. Petitioner declines to

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

name the warden of the institution in which he is presently confined, contending, "There's no need to name a particular officer . . . . only need to name the organization." Doc. 7 at 1. Petitioner cites *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in support of the propriety of naming the "particular organization for whatever crimes they've committed against one's person." *Id.*

Similarly, Petitioner rejects the Court's suggestion that in ground one of the petition, he intended to claim that he was wrongfully sentenced, restating that his intent to secure removal of the Fresno County District Attorney for her violations of his rights under the Sixth Amendment to the U.S. Constitution.

*Bivens* applies to federal prisoners. A state prisoner's challenges to the conditions of prison life are properly brought under 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991). A plaintiff may not seek both habeas and § 1983 relief in a single action. *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Preiser*, 411 U.S. at 498-99 n. 15; *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied sub nom Bressman v. Farrier*, 498 U.S. 1126 (1991); *Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases*. It does not appear that Petitioner seeks relief from conditions of confinement; however, neither is this action properly categorized only as a petition for writ of habeas corpus.

A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973). Although portions of the petition seek reversal of Petitioner's 2002 convictions for murder, attempted murder, and assault, Petitioner also seeks

///

dismissal of the Fresno County District Attorney and declines to comply with the procedural requirements of the Rules Governing Section 2254 Cases.

Petitioner refuses to amend his petition, requesting that the Court dismiss the petition and grant him a certificate of appealability to allow him to pursue his claims in the Ninth Circuit Court of Appeals. While the Court will dismiss the petition, it declines to issue a certificate of appealability.

## **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> >   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> >   (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

1       If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

      In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to proceed in a federal habeas corpus action debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

### **Conclusion and Order**

      The Court hereby DISMISSES without prejudice the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 for lack of jurisdiction. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 24, 2015**           **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE